IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JON OLSON, MARY LAVOIE,       )
and DIGITAL STUDIO LLC,        )
                                   )
        Plaintiffs,          )    TC-MD 180324N
                                   )
        v.                )
                                   )
DEPARTMENT OF REVENUE,     )
State of Oregon,                 )
                                 )
        Defendant.         )    **DECISION**

Plaintiffs appealed Defendant's Notice of Assessment, dated August 9, 2018, for the

2016 tax year.[1]  A trial was held on August 20, 2019, in the courtroom of the Oregon Tax Court.

Joe Alexander, an Oregon licensed tax consultant, appeared on behalf of Plaintiff.  Jon Olson

(Olson) testified on behalf of Plaintiffs.[2]  Kristen Ennis, Assistant Attorney General, and Darren

Weirnick, Senior Assistant Attorney General, appeared on behalf of Defendant.  The parties filed

stipulated facts on July 31, 2019.  Plaintiffs offered no exhibits at trial.  Defendant's Exhibits A

to L were received without objection.

## I.  STATEMENT OF FACTS

In 2016, Olson sold his house in Portland, Oregon.  (Stip Facts at 2, ¶ 5.)  He excluded

gain from that sale from his gross income under the principal residence exception in Internal

Revenue Code (IRC) section 121(a).  (Stip Facts at 2, ¶ 12.)  However, at audit and conference,

Defendant denied Olson's IRC section 121(a) exclusion.  (Stip Facts at 2, ¶ 13.)

---

[1] Plaintiffs appealed the 2015 and 2016 tax years.  However, the 2015 tax year was resolved by a Stipulated Limited Judgment, entered September 23, 2019.

[2] Olson was the only witness at trial.  Unless otherwise noted, facts set forth in the Statement of Facts are based on Olson's testimony.

Olson lived in Oregon starting in 1994. In 2009, he met Mary Lavoie (Lavoie), a Hawaii resident. Olson and Lavoie married in 2012. Olson's house in Portland has never been Lavoie's principal residence. (Stip Facts at 2, ¶ 11.) Lavoie and her children continued to live in Hawaii after the wedding. Olson eventually moved to Hawaii, although the timing of that move is at issue.

Olson's main connection to Oregon was his employment. He is the founder of a video production company that is an Oregon LLC and his business partners are from Oregon. Olson's career required a lot of travel; he essentially "lived on an airplane." Olson's travel schedule from 2014 through 2016 revealed that he worked in Oregon, California, Hawaii, Canada, Mexico, Alaska, South Dakota, Washington, Colorado, Nevada, Tahiti, and Iceland. (Def's Ex J.)

Olson used his Oregon house for business storage as well as a starting point for some business trips. His use of the house was contingent on whether he was working in Oregon and whether the house was leased to a tenant. Between September 2011 and September 2016, the Oregon house was rented on two occasions, each for a one-year period: May 2013 to May 2014 and January 2015 to January 2016. During those two years, Olson did not use the Oregon house and instead stayed at hotels while working in Oregon. The Oregon house was not rented from September 2011 to May 2013, July 2014 to January 2015, and February 2016 to September 2016. Olson testified that he used the Oregon house during those three periods. A review of his bank statements and travel schedule sheds some light on Olson's actual use of the Oregon house as compared with his Hawaii house during times the Oregon house was available:

/ / /

/ / /

/ / /

| Time Period | Dates in Portland, OR | Dates in Honolulu, HI |
|---|---|---|
| August 2011 – April 2013[3] | 8[4] | 8[5] |
| May 2013 – May 2014 | 0[6] | 189[7] |
| June 2014 – December 2014 | 20[8] | 139[9] |
| January 2015 – January 2016 | 0[10] | 269[11] |
| February – September 2016 | 3[12] | 12[13] |

(*See* Def's Exs F, H, I, J, K, L.)

Olson filed Oregon resident income tax returns in 2010 through 2014. (Def's Ex E at 1, 5, 9, 15, and 23.) He filed a nonresident return in 2015 but testified that his accountant made a mistake in doing so. (*See* Def's Ex E at 29.) Olson filed a part-year resident return in 2016.

---

[3] Bank records prior to April 2012 were not received by the court. Olson and Lavoie were married on April 7, 2012, and starting from April 2012, Olson's bank statements were addressed to Honolulu. (*See* Def's Ex F.) Records spanning April 2012 to April 2013 are primarily recurring charges of Providence Health Plan and Comcast Cable.

[4] Dates in Portland: 4/18/12; 4/27/12 – 5/2/12; 4/30/13.

[5] Dates in Honolulu: 4/7/12 – 4/9/12; 4/13/12 – 4/16/12; 1/29/13.

[6] Portland house leased out for the term spanning May 5, 2013 to May 4, 2014.

[7] Dates in Honolulu: 5/13/13 – 6/17/13; 6/27/13 – 7/23/13; 8/1/13 – 8/13/13; 8/26/13 – 8/27/13; 8/29/13 – 9/1/13; 10/14/13 – 10/22/13; 11/4/13 – 11/6/13; 11/15/13 – 11/29/13; 12/2/13 – 12/16/13; 12/19/13 – 12/25/13; 1/6/14 – 1/11/14; 1/23/14 – 2/4/14; 2/14/14 – 3/18/14; 3/31/14 – 4/5/14.

[8] Dates in Portland: 7/22/14 – 8/6/14; 9/30/14 – 10/1/14; 11/4/14 – 11/5/14.

[9] Dates in Honolulu: 6/6/14 – 6/15/14; 6/21/14 – 7/19/14; 8/7/14 – 8/18/14; 8/23/14 – 9/9/14; 10/14/14 – 11/2/14; 11/6/14 – 12/6/14; 12/11/14 – 12/28/14.

[10] Portland house leased out for the term spanning January 17, 2015 to January 16, 2016.

[11] Dates in Honolulu: 1/4/15 – 1/19/15; 1/26/15 – 2/25/15; 2/27/19; 3/3/15 – 3/19/15; 3/23/15 – 4/4/15; 4/17/15 – 5/8/19; 5/11/15 – 5/14/19; 5/18/15 – 6/9/15; 6/15/15 – 7/3/19; 7/6/15 – 7/25/15; 8/10/15 – 9/2/15; 9/11/15 – 9/24/15; 9/30/15 – 11/4/15; 11/7/15 – 11/30/15; 12/11/15 – 12/14/15; 1/22/16.

[12] Dates in Portland: 6/29/16 – 7/2/16. Total excludes Portland dates when, based on receipts, Olson stayed in hotels: 1/18/16 – 1/20/16; 2/12/16 – 2/15/16. (*See* Def's Ex H at 4-5.)

[13] Dates in Honolulu: 2/16/16; 2/23/16; 4/18/16; 5/2/16; 5/4/16; 5/16/16; 5/20/16; 5/26/16; 6/08/16; 6/10/16; 6/24/16; 10/13/16.

The bank records from 2016 are largely limited to purchases at Costco and recurring charges, such as for garbage service. (*See* Def's Ex F at 173-200.) Presumably Olson was in Honolulu on more days than those listed – for instance, it appears likely he spent most of May and June in Honolulu. (*See also* Def's Ex J (listing work travel from April 21 to 26 and again from June 29 to July 2, but nothing in between).) Additionally, receipts show that, during this time, Olson visited pharmacies and physicians in Honolulu. (*See also* Def's Ex K at 10-12.)

(Def's Ex D at 1.) His tax returns in each of those years list his Hawaii address. (*See generally* Def's Exs D, E.) Olson reported the Oregon house as a rental property from 2013 to 2016. (Def's Exs D at 13, E at 21, 27, 35.)

Olson identified additional connections to Oregon. He maintained an Oregon driver's license from September 2011 to September 2016. Olson owned a vehicle in Oregon but sold that vehicle to a business partner in July 2013 and did not purchase a new vehicle in Oregon thereafter. After the sale of the vehicle, Olson used rental vehicles while in Oregon. Olson's personal and business bank accounts were created in Portland, Oregon. His voter registration remained in Oregon from September 2011 to September 2016.

Olson used his Hawaii address for most correspondence, including bank statements from April 2012 to September 2016; travel receipts from 2014; and health insurance correspondence from 2016. (Def's Exs F at 1-207; K at 1-8; and L at 5-7, 9, 10.) Olson testified that he used the Hawaii address, so Lavoie could manage bills while he traveled.

## II. ANALYSIS

The issue is whether Olson's Oregon house was his principal residence for at least two of the five years preceding its sale in 2016.

Oregon's personal income tax law is "identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income * * *." ORS 316.007(1).[14] Plaintiffs, as the party seeking affirmative relief, bear the burden of proof by a preponderance of the evidence. *See* ORS 305.427. A preponderance of the evidence means the "the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer * * * failed to meet [the]

---

[14] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

burden of proof." *Reed v. Dept. of Rev.*, 310 Or 260, 238 (1990).

IRC section 121(a) provides, "[g]ross income shall not include gain from the sale or exchange of property if, during the [five]-year period ending on the date of the sale or exchange, such property has been owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating [two] years or more." When the taxpayer alternates between two properties, "the property that the taxpayer uses a majority of the time during the year ordinarily will be considered the taxpayer's principal residence." Treas Reg § 1.121-1(b)(2). The regulation provides the following example to illustrate that rule:

> "Taxpayer A owns [two] residences, one in New York and one in Florida. From 1999 through 2004, he lives in the New York residence for [seven] months and the Florida residence for [five] months of each year. In the absence of facts and circumstances indicating otherwise, the New York residence is A's principal residence. A would be eligible for the section 121 exclusion of gain from the sale or exchange of the New York residence, but not the Florida residence."

Treas Reg § 1.121-1(b)(4) (Example 1).

In addition to the taxpayer's use of the property, the rule identifies six non-exhaustive factors relevant to determining the taxpayer's principal residence: (i) the taxpayer's place of employment; (ii) the principal place of taxpayer's family members; (iii) the address listed on the taxpayer's federal and state tax returns, driver's license, automobile registration, and voter registration; (iv) the taxpayer's mailing address for bills and correspondence; (v) the location of the taxpayer's banks; and (vi) the location of religious organizations and recreational clubs with which the taxpayer is affiliated. Treas Reg § 1.121-1(b)(2).

A.     *Olson's Use of the Oregon House*

Olson maintains that the Oregon house was his principal residence for at least two years from September 2011 to September 2016. To determine Olson's principal residence, the court first looks to his use of the Oregon house before analyzing the six factors. *See* IRC § 121(a).

Olson's exact use of the Oregon house is difficult to calculate because he traveled so frequently. Additionally, the court received little evidence pertaining to the time period of September 2011 through March 2012. Although Olson maintains that he used the Oregon house whenever it was not leased to a tenant, his bank records and travel schedule reveal limited use during those time periods, particularly as compared with his time spent in Hawaii during those time periods. The evidence of Olson's use of his Oregon house as compared to his Hawaii house tends to support a finding that the Hawaii house was his principal residence. Given the incomplete evidence of Olson's use of the two houses, the court next considers the six factors.

B.      *Application of the Principal Residence Factors*

In addition to use of the property, the regulations identify six non-exhaustive factors relevant to determining the taxpayer's principal residence. *See* Treas Reg § 1.121-1(b)(2).

1.      *Place of employment*

The first factor is Olson's place of employment. Treas Reg § 1.121-1(b)(2)(i). In *Wickersham*, the court held that the taxpayers' place of employment was neutral because the taxpayers spent only one weekend per month at their place of employment. *See Wickersham v. Comm'r*, 102 TCM (CCH) 101 (2011), 2011 WL 3241353 (US Tax Ct). Olson's business was founded and based in Oregon. However, given the nature of Olson's business, he traveled frequently within and without Oregon. Even when working in Oregon he often stayed at hotels. Like *Wickersham*, Olson's work connection to Oregon is tempered somewhat because it required only limited use of his Oregon house. Olson's place of employment weighs slightly in his favor.

2.      *Principal residence of taxpayer's family members*

The second factor looks to the principal residence of family members. Treas Reg § 1.121-1(b)(2)(ii). In *Brewer*, the court found that taxpayer's principal residence was at the home

of his significant other rather than at a residential condominium he previously owned. *Brewer v. Comm'r*, 106 TCM (CCH) 721 (2013), 2013 WL 6847364 (US Tax Ct). Olson married Lavoie in 2012. Lavoie and her children live in Hawaii. The court received no evidence regarding the location of Olson's other family members. As in *Brewer*, it appears that Olson's marriage to Lavoie caused him to spend more time with his family in Hawaii and less in Oregon. After the marriage, Olson sold his Oregon vehicle and leased out his Oregon house. This factor weighs against Olson.

3.       *The address on taxpayer's tax returns and motor vehicle records*

The third factor is the address on Olson's tax returns, driver's license, vehicle registration, and voter registration. Treas Reg § 1.121-1(b)(2)(iii). In *Foster*, the court held that taxpayers' principal residence remained at their long-time residence, the address of which they continued to identify on their driver's licenses and tax returns. *Foster v. Comm'r*, 138 TC 51, 53 (2012). Olson maintained his Oregon address on his driver's license and voter registration and filed Oregon resident income tax returns for most of the years at issue. However, he used his Hawaii address on his tax returns and sold his Oregon vehicle in 2013. In weighing this factor, the court notes that the address on a driver's license and voter registration carry forward year to year unless affirmatively changed or the license expires. Accordingly, the use of Olson's Oregon address on his driver's license and voter registration are given little weight. Olson's filing of Oregon resident income tax returns weighs in his favor, though his use of the Hawaii address weighs against him. Overall, this factor is neutral.

4.       *Taxpayer's address for bills and correspondence*

The fourth factor looks at the address on Olson's bills and correspondence. Treas Reg § 1.121-1(b)(2)(iv). Olson's mail was sent to Hawaii so Lavoie could keep track of bills while he

traveled for work. Olson consistently used his Hawaii address on documents including his bank statements, health insurance correspondence, and hotel bills. This factor weighs against Olson.

5. *The location of taxpayer's banks and professional services*

The fifth factor is the location of Olson's banks. Treas Reg § 1.121-1(b)(2)(v). The relevance of the fifth factor pertains to where the taxpayer receives professional services, such as banking, bookkeeping, medicine, and legal services. *See Wickersham*, 2011 WL 324135 at *9. Olson's personal and business accounts with Bank of America were opened in Oregon, though his statements were sent to his Hawaii address and the court received no evidence whether Olson conducted banking business in person in Oregon. Olson is insured through Providence Health Plan based in Portland, Oregon. (*See* Def Ex K at 1-8.) Based on the bank statements and other records, Olson visited doctors and dentists in Honolulu on numerous occasions from January 2013 through August 2016. (*See generally* Def Ex F and K at 9-12.) The only healthcare-related visits in Portland were a doctor in April 2013 and a pharmacy in March 2016. (*See id.*) No further evidence was received concerning the location of other professionals who may have provided Olson with services during the years at issue. This factor weighs slightly against Olson.

6. *Location of taxpayer's religious organizations and recreational clubs*

The sixth factor is the location of Olson's religious institutions or other clubs. Treas Reg § 1.121-1(b)(2)(vi). The court received no evidence on Olson's religious institutions or recreational clubs. Thus, the sixth factor is neutral.

C. *Balancing the Six Factors*

The factors indicate that at least as of May 2013, and likely earlier, Olson's principal residence was his house in Hawaii. Not long after his marriage to Lavoie in 2012, Olson sold his

car in Oregon and began leasing out his Oregon house. He used the Hawaii address for his tax returns as early as 2011 (his 2010 return), suggesting that the Hawaii house was his principal residence earlier than May 2013. After Olson's marriage to Lavoie, his use of the Oregon house was more akin to that of a secondary residence. He used it occasionally when he was working in Portland, but that use was limited compared to his use of the Hawaii house. The court finds that Olson did not maintain his principal residence at the Oregon house for at least two of the five years preceding its sale in 2016.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiffs have not met their burden of proof that Olson's Oregon house was his principal residence under IRC section 121(a) for at least two of the five years preceding its sale in 2016. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this __day of January 2020.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on January 14, 2020.*